UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-243 JGB (SPx) | Date | May 22, 2020 |
| Title | *James Edward Adams, Jr., et al. v. Russell Vernon Grogan* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiffs' Motion for Remand (Dkt. No. 10); and (2) VACATING the June 1, 2020 Hearing (IN CHAMBERS)

Before the Court is the Motion for Remand filed by Plaintiffs Detrick Adams and James Edward Adams, Jr. ("Motion," Dkt. No. 10.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for June 1, 2020.

## I.   BACKGROUND

On December 3, 2019, Plaintiffs filed their Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendant Russell Vernon Grogan. ("Complaint," Dkt. No. 1 at 9–15.) The Complaint alleges two causes of action: (1) motor vehicle and (2) general negligence. (Complaint.) On December 4, 2019, Plaintiffs served Defendant with a statement of damages, listing $6,000,000 in total damages. ("Statement of Damages," Dkt. No. 1 at 7–8.)

On February 26, 2020, Defendant removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Plaintiffs filed the Motion on April 30, 2020. (Motion.) In support of the Motion, Plaintiffs filed the Declaration of James R. Doyle. ("Doyle Declaration," Dkt. No. 10-1.) Defendant opposed the Motion on May 11, 2020. ("Opposition," Dkt. No. 11.) In support of the Opposition, Defendant filed Declaration of Noelle Natoli. ("Natoli Declaration," Dkt. No. 11-2.) Defendant also submitted his own declaration on May 15, 2020. ("Grogan Declaration," Dkt. No. 13.) Plaintiffs replied in support of the Motion on May 18, 2020. ("Reply," Dkt. No. 14.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Defendant removed this action based on diversity jurisdiction. (Notice of Removal.) In the Notice of Removal, Defendant alleged the following: (1) Plaintiffs are citizens of California, (2) Defendant is a citizen of Arizona, and (3) the amount in controversy exceeds $75,000. (Id. ¶ 6.) Plaintiff now argues that Defendant has failed to prove that Defendant is a citizen of Arizona or that the amount in controversy is over $75,000. (Motion at 3–4.)

It is Defendant's burden to file a notice with "a plausible allegation" that diversity of citizenship exists and "that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Defendant has done that with the Notice of Removal. (See Notice of Remove ¶ 6.) However, once Plaintiffs challenge those allegations, as they have done here, it is Defendant's burden to prove the jurisdictional facts by a preponderance of the evidence. Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F3d 1102, 1107 (9th Cir. 2010); Gaus v. Miles, Inc., 980 F2d 564, 566–567 (9th Cir. 1992).

### A. Defendant's Citizenship

Plaintiffs challenge Defendant's assertion that he is a citizen of Arizona. For the purposes of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain. Kanter v. Warner-Lambert Co., 265 F3d 853, 857 (9th Cir. 2001). It is undisputed that Defendant resides in Arizona—indeed, Plaintiffs served him with the Complaint at his residence located at 1828 Pacific Avenue, Kingman, Arizona, 86401. (Natoli Decl., ¶ 4, Exhibit C.) Defendant also submits his drivers license, which lists the same address as his home address and his own declaration stating that he intends to remain in Arizona, which he considers his home. (Id., Exhibit D; Grogan Declaration ¶ 7.) In the Reply, Plaintiffs fail to address this issue of Defendant's citizenship—apparently conceding that Defendant has met his burden regarding citizenship. (See generally Reply.) Accordingly, the Court concludes that Defendant is a citizen of Arizona for purposes of diversity jurisdiction.

### B. Amount in Controversy

When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 USC § 1446(c)(2). The Statement of Damages lists $6,000,000 in total damages—far more than the $75,000 jurisdictional minimum for diversity jurisdiction. (See Complaint.) Plaintiffs argue that the Court ought to ignore their original demand and rely instead on the dramatically smaller calculation of $13,985.73. (Motion at 3–4; Doyle Declaration ¶¶ 2, 6.)

This argument fails. First, Plaintiffs' proposed damages calculation includes only *past* medical bills. (Id.) It does not include figures for wage loss, loss of future income, future medical bills, property damage, and pain and suffering—all of which are contemplated in the Complaint. (Complaint.) Plaintiffs assert that they need not present numbers for those damages because it is Defendant's burden to prove the amount in controversy by a preponderance of the evidence. (Reply at 3–4.) While it is true that Defendant bears the burden to demonstrate the amount in controversy exceeds $75,000, Defendant meets that burden by pointing to the Statement of Damages. It is now Plaintiffs' burden to prove that the Court should ignore that estimate—and they have failed to do so.

Second, the law presumes that the damages figure in the Statement of Damages reflects the amount in controversy. See 28 USC § 1446(c)(2); see also Damele v. Mack Trucks, Inc., 219 Cal. App. 3d 29, 42 (1990) ("[T]he purpose of a section 425.11 statement of damages is essentially identical to that of the statement of damages required in all non-personal injury complaints.") Plaintiffs argue that the Court should not rely on that number because it was a gross exaggeration intended to be relied upon only if Defendant defaulted. (Motion at 4.) That argument is untethered to the law. The purpose of a section 425.11 statement of damages is to provide defendants notice of their potential liability. See Warren v. Warren, 240 Cal. App. 4th 373, 377 (2015) (observing that plaintiffs are required to serve defendants with the statement of damages "to guarantee defaulting parties adequate notice of the maximum judgment that may be

assessed against them"). It is not, as Plaintiffs suggest, a vehicle for a plaintiff to mislead the Court to obtain a large default judgment.[1] Plaintiffs are not free to assert a huge, baseless damages amount in the hopes of obtaining an undue default judgement only to dramatically cut that figure later to avoid removal to federal court.

       Third, the Court notes that Plaintiffs refused Defendant's offer to stipulate to a maximum recovery of $75,000 and repeatedly cabin their damage estimate to leave open the possibility that damages could be higher than $75,000. (Natoli Declaration ¶¶ 13, 14; Motion at 3 ("The amount in controversy does not *necessarily* exceed $75,000.00") (emphasis added).) Clearly, Plaintiffs still hope to obtain damages greater than $75,000. The law, however, does not allow Plaintiffs to have it both ways—if they want to pursue damages greater than $75,000, Defendant is entitled to litigate the claims asserted against him in federal court. The Court will hold Plaintiffs to their word and rely upon the figures listed in the Statement of Damages. Accordingly, the amount in controversy for diversity jurisdiction is satisfied.

## IV.    CONCLUSION

       For the reasons above, the Court DENIES Plaintiffs' Motion. The June 1, 2020 hearing is VACATED.

**IT IS SO ORDERED.**

---

[1] Just as in federal court, California courts deciding motions for default judgment do not accept the statement of damages. Instead, they ensure that any amount awarded is consistent with the allegations in the complaint. Heidary v. Yadollahi, 99 Cal. App. 4th 857, 868 (2002)("[I]t is imperative in a default case that the trial court take the time to analyze the complaint at issue and ensure that the judgment sought is not in excess of or inconsistent with it. "). Accordingly, widely inaccurate damages calculations serve no purpose in the default judgment context either.